HONORABLE MARSHA J. PECHMAN

# UNITED STATES DISTRICT COURT
## WESTERN DISTRICT OF WASHINGTON
### AT SEATTLE

| | |
|---|---|
| HTC CORPORATION and HTC AMERICA, Inc.,<br><br>    Plaintiffs,<br><br>v.<br><br>TELEFONAKTIEBOLAGET LM ERICSSON and ERICSSON, INC.,<br><br>    Defendants. | Case No. 2:17-cv-00534-MJP<br><br>**STIPULATED AND JOINT MOTION FOR PROTECTIVE ORDER**<br><br>NOTE ON MOTION CALENDAR:<br><br>OCTOBER 23, 2017 |

STIPULATED & JOINT MOTION FOR
PROTECTIVE ORDER – 1
(No. 2:17-cv-00534-MJP)

Plaintiffs HTC Corporation and HTC America, Inc. (together, HTC) and Defendants Telefonaktiebolaget LM Ericsson and Ericsson Inc. (together, Ericsson), in the interest of avoiding ancillary litigation of discovery issues relating to party and/or non-party confidential commercial and/or proprietary information, stipulate and agree as follows:

1. PURPOSES AND LIMITATIONS

Discovery in this action is likely to involve production of confidential, proprietary, or private information for which special protection may be warranted. Accordingly, the parties hereby stipulate to and petition the court to enter the following Stipulated Protective Order. The parties acknowledge that this agreement is consistent with LCR 26(c). It does not confer blanket protection on all disclosures or responses to discovery, the protection it affords from public disclosure and use extends only to the limited information or items that are entitled to confidential treatment under the applicable legal principles, and it does not presumptively entitle parties to file confidential information under seal.

Pursuant to Local Civil Rule 26(c)(2), the parties began with the District's Model Protective Order and have identified departures from the model in redline, attached hereto as **Exhibit 1.** The stipulated/requested modifications to the Model Protective Order are necessary because of the nature of this case, involving two highly technical companies and the certain disclosure in discovery of voluminous amounts of documents, containing among other things, internal company strategy and pricing information, technical licensing negotiations and agreements between the parties and non-parties, and the function and operation of patented products. The modifications herein closely resemble many of the modifications to the Model Protective Order in an order previously entered by this Court in a patent case, *Smart Skins LLC v. Microsoft Corp*, Case No. 2:15-cv-00544-MJP (W.D. Wash. 2015) (Dkt. # 58).

2. CONFIDENTIAL MATERIAL

Confidential material may be designated "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – OUTSIDE ATTORNEYS' EYES ONLY."

CONFIDENTIAL material shall include the following documents and tangible things produced or otherwise exchanged: non-public design and technical information; non-public claim charts; non-public marketing, accounting, sales, investment, and financial information; non-public research and development information; and personal and/or private identifying information (e.g., birthdates, bank account numbers, social security numbers, home addresses).

HIGHLY CONFIDENTIAL – OUTSIDE ATTORNEYS' EYES ONLY material shall include the following documents and tangible things produced or otherwise exchanged: trade secrets and sensitive CONFIDENTIAL material, the disclosure of which to another party or non-party would create a substantial risk of harm that could not be avoided by less restrictive means.

Unless otherwise specified, the use of "confidential" herein corresponds to both CONFIDENTIAL and HIGHLY CONFIDENTIAL – OUTSIDE ATTORNEYS' EYES ONLY material.

3. SCOPE

The protections conferred by this agreement cover not only confidential material (as defined above), but also (1) any information copied or extracted from confidential material; (2) all copies, excerpts, summaries, or compilations of confidential material; and (3) any testimony, conversations, or presentations by parties or their counsel that might reveal confidential material.

However, the protections conferred by this agreement do not cover information that is in the public domain or becomes part of the public domain through trial or otherwise.

4. ACCESS TO AND USE OF CONFIDENTIAL MATERIAL

4.1 Basic Principles. A receiving party may use confidential material that is disclosed or produced by another party or by a non-party in connection with this case only for prosecuting, defending, or attempting to settle this litigation. Confidential material may be disclosed only to the categories of persons and under the conditions described in this agreement. Confidential material must be stored and maintained by a receiving party at a location and in a secure manner that ensures that access is limited to the persons authorized under this agreement.

4.2     Disclosure of "CONFIDENTIAL" Information or Items. Unless otherwise ordered by the court or permitted in writing by the designating party, a receiving party may disclose any confidential material only to:

(a) the receiving party's outside counsel of record in this action, as well as employees of outside counsel to whom it is reasonably necessary to disclose the information for this litigation;

(b) the officers, directors, and employees (including in house counsel) of the receiving party to whom disclosure is reasonably necessary for this litigation;

(c) experts and consultants to whom disclosure is reasonably necessary for this litigation and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A);

(d) the court, court personnel, and court reporters and their staff;

(e) document translation, copy, document management, electronic discovery, or imaging services retained by counsel to assist in the translation, management, and/or duplication of confidential material, provided that counsel for the party retaining the copy or imaging service instructs the service not to disclose any confidential material to third parties and to immediately return all originals and copies of any confidential material upon completion of the service;

(f) during their depositions, witnesses in the action to whom disclosure is reasonably necessary and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A), unless otherwise agreed by the designating party or ordered by the court. Pages of transcribed deposition testimony or exhibits to depositions that reveal confidential material must be separately bound by the court reporter and may not be disclosed to anyone except as permitted under this agreement;

(g) the author or recipient of a document containing the information or a custodian or other person who otherwise possessed or knew the information;

(h) trial and jury consultants, including, but not limited to, mock jurors who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A); and

(i) any mediator retained by the parties or appointed by the Court in this action and employees of such mediator who are assisting in the conduct of the mediation.

4.3 <u>Disclosure of HIGHLY CONFIDENTIAL – OUTSIDE ATTORNEYS' EYES ONLY Material</u>. Unless otherwise ordered by the court or permitted in writing by the designating party, a receiving party may disclose HIGHLY CONFIDENTIAL – OUTSIDE ATTORNEYS' EYES ONLY material only to those persons identified in Section 4.2(a, c-e, and g-i); provided, however, HIGHLY CONFIDENTIAL – OUTSIDE ATTORNEYS' EYES ONLY material shall be disclosed to persons identified in Section 4.2(c) only as provided by the terms of Section 4.4.

4.4 <u>Procedure for Challenging Expert or Consultant</u>. The party proposing to provide material marked HIGHLY CONFIDENTIAL – OUTSIDE ATTORNEYS' EYES ONLY to an expert or consultant (i.e., the receiving party) shall provide the producing party with: (i) a current *curriculum vitae* for the expert or consultant, which shall include a description of past and present employers by whom the expert or consultant has been employed and persons or entities by whom the expert or consultant has been engaged in any consulting or expert engagements within the last five years, and (ii) a copy of a completed and signed copy of Exhibit A hereto. If an expert or consultant is precluded by virtue of a non-disclosure agreement from disclosing either the existence or nature of any such engagement or the identity of the entity for which the services were or are being performed, then the expert or consultant shall state that certain information is being withheld on that basis and shall supplement his/her disclosure with such additional information as he/she believes would be helpful to the parties and the Court in determining whether any undisclosed consulting relationship would create a likelihood that the expert or consultant would have a conflict of interest in the engagement for this litigation, or should otherwise be precluded from acting as an expert or consultant in this litigation.

1  (a) Within five business days after the producing party's receipt of the information described in Section 4.4 and the signed Exhibit A, the producing party may object in writing to the proposed expert or consultant if facts available to that party show there is a reasonable likelihood disclosure of the confidential material to the proposed expert or consultant would create a risk of harm to the producing party. Failure to object in writing to a proposed expert or consultant within five business days will be deemed a waiver of any objection to the proposed expert or consultant.

(b) If the producing party objects to the proposed expert or consultant, the parties shall meet and confer in good faith in an attempt to resolve their dispute without resort to the Court. If the parties' dispute remains unresolved ten business days following the producing party's communication of its objection, then the producing party shall seek a ruling from the court as to the merits of the producing party's objection. Pending a ruling by the court, the proposed expert or consultant shall not have access to material or information designated by the producing party unless such access has been previously approved. Failure to seek a ruling from the court as described above within ten business days following the producing party's communication of its objection will be deemed a waiver of any objection to the proposed expert or consultant.

4.5  <u>Filing Confidential Material</u>. Before filing confidential material or discussing or referencing such material in court filings, the filing party shall confer with the designating party to determine whether the designating party will remove the confidential designation, whether the document can be redacted, or whether a motion to seal or stipulation and proposed order is warranted. Local Civil Rule 5(g) sets forth the procedures that must be followed and the standards that will be applied when a party seeks permission from the court to file material under seal.

5.  <u>DESIGNATED PROTECTED MATERIAL</u>

5.1     Exercise of Restraint and Care in Designating Material for Protection. Each party or non-party that designates information or items for protection under this agreement must take care to limit any such designation to specific material that qualifies under the appropriate standards. To the extent it is practical to do so, the designating party must designate for protection only those parts of material, documents, items, or oral or written communications that qualify, so that other portions of the material, documents, items, or communications for which protection is not warranted are not swept unjustifiably within the ambit of this agreement.

Mass, indiscriminate, or routinized designations are prohibited. Designations that are shown to be clearly unjustified or that have been made for an improper purpose (*e.g.*, to unnecessarily encumber or delay the case development process or to impose unnecessary expenses and burdens on other parties) expose the designating party to sanctions.

If it comes to a designating party's attention that information or items that it designated for protection do not qualify for protection, the designating party must promptly notify all other parties that it is withdrawing the mistaken designation.

5.2     Manner and Timing of Designations. Except as otherwise provided in this agreement (see, *e.g.*, second paragraph of section 5.2(a) below), or as otherwise stipulated or ordered, disclosure or discovery material that qualifies for protection under this agreement must be clearly so designated before or when the material is disclosed or produced.

(a)     Information in documentary form: (*e.g.*, paper or electronic documents and deposition exhibits, but excluding transcripts of depositions or other pretrial or trial proceedings), the designating party must affix the word CONFIDENTIAL or HIGHLY CONFIDENTIAL – OUTSIDE ATTORNEYS' EYES ONLY to each page of a document that contains confidential material. To the extent it is practical to do so, if only a portion or portions of the material on a page qualifies for protection, the producing party also must clearly identify the protected portion(s) (*e.g.*, by making appropriate markings in the margins).

(b) <u>Testimony given in deposition or in other pretrial proceedings</u>: the parties and any participating non-parties must identify on the record, during the deposition or other pretrial proceeding, all protected testimony, without prejudice to their right to so designate other testimony after reviewing the transcript. Any party or non-party may, within fifteen days after receiving the transcript of the deposition or other pretrial proceeding, designate portions of the transcript, or exhibits thereto, as confidential. Until such time as this fifteen day period has concluded, the entirety of the deposition transcript shall be presumptively treated by the receiving party as having been designated by the producing party as CONFIDENTIAL. If a party or non-party desires to protect confidential information at trial, the issue should be addressed during the pre-trial conference. Any party that desires to use non-party confidential information at trial agrees to notify the relevant non-party in advance of the pre-trial conference to provide an opportunity for the non-party to intervene. Confidential material that the court determines should be sealed at trial shall be sealed wherever referenced in trial exhibits, testimony, demonstratives, or otherwise.

(c) <u>Other tangible items</u>: the producing party must affix in a prominent place on the exterior of the container or containers in which the information or item is stored the word CONFIDENTIAL or HIGHLY CONFIDENTIAL – OUTSIDE ATTORNEYS' EYES ONLY. If only a portion or portions of the information or item warrant protection, the producing party, to the extent practicable, shall identify the protected portion(s).

5.3 <u>Inadvertant Failures to Designate</u>: If timely corrected, an inadvertent failure to designate qualified information or items does not, standing alone, waive the designating party's right to secure protection under this agreement for such material. Upon timely correction of a designation, the receiving party must make reasonable efforts to ensure that the material is treated in accordance with the provisions of this agreement.

6. <u>CHALLENGING CONFIDENTIALITY DESGINATIONS</u>

6.1     Timing of Challenges. Any party or non-party may challenge a designation of confidentiality at any time. Unless a prompt challenge to a designating party's confidentiality designation is necessary to avoid foreseeable, substantial unfairness, unnecessary economic burdens, or a significant disruption or delay of the litigation, a party does not waive its right to challenge a confidentiality designation by electing not to mount a challenge promptly after the original designation is disclosed.

6.2     Meet and Confer. The parties must make every attempt to resolve any dispute regarding confidential designations without court involvement. Any motion regarding confidential designations or for a protective order must include a certification, in the motion or in a declaration or affidavit, that the movant has engaged in a good faith meet and confer conference with other affected parties in an effort to resolve the dispute without court action. The certification must list the date, manner, and participants to the conference. A good faith effort to confer requires a face-to-face meeting or a telephone conference.

6.3     Judicial Intervention. If the parties cannot resolve a challenge without court intervention, the challenging party may file and serve a motion to withdraw confidentiality under Local Civil Rule 7 (and in compliance with Local Civil Rule 5(g), if applicable). The burden of persuasion in any such motion shall be on the designating party. Frivolous challenges, and those made for an improper purpose (*e.g.*, to harass or impose unnecessary expenses and burdens on other parties) may expose the challenging party to sanctions. All parties shall continue to maintain the material in question as confidential until the court rules on the challenge.

7.    PROTECTED MATERIAL SUBPOENAED OR ORDERED PRODUCED IN OTHER LITIGATION

If a party is served with a subpoena or a court order issued in other litigation that compels disclosure of any information or items designated in this action as CONFIDENTIAL or HIGHLY CONFIDENTIAL – OUTSIDE ATTORNEYS' EYES ONLY, that party must:

1           (a)     promptly notify the designating party in writing and include a copy of the subpoena or court order;

          (b)     promptly notify in writing the party who caused the subpoena or order to issue in the other litigation that some or all of the material covered by the subpoena or order is subject to this agreement. Such notification shall include a copy of this agreement; and

          (c)     cooperate with respect to all reasonable procedures sought to be pursued by the designating party whose confidential material may be affected.

8. <u>UNAUTHORIZED DISCLOSURE OF PROTECTED MATERIAL</u>

If a receiving party learns that, by inadvertence or otherwise, it has disclosed confidential material to any person or in any circumstance not authorized under this agreement, the receiving party must immediately (a) notify in writing the designating party of the unauthorized disclosures, (b) use its best efforts to retrieve all unauthorized copies of the protected material, (c) inform the person or persons to whom unauthorized disclosures were made of all the terms of this agreement, and (d) request that such person or persons execute the "Acknowledgment and Agreement to Be Bound" that is attached hereto as Exhibit A.

9. <u>INADVERTENT PRODUCTION OF PRIVILEGED OR OTHERWISE PROTECTED MATERIAL</u>

When a producing party gives notice to receiving parties that certain inadvertently produced material is subject to a claim of privilege or other protection, the obligations of the receiving parties are those set forth in Federal Rule of Civil Procedure 26(b)(5)(B). This provision is not intended to modify whatever procedure may be established in an e-discovery order or agreement that provides for production without prior privilege review. The parties agree to the entry of a non-waiver order under Fed. R. Evid. 502(d) as set forth herein.

10. <u>NON TERMINATION AND RETURN OF DOCUMENTS</u>

Within 60 days after the termination of this action, including all appeals, each receiving party must return all confidential material to the producing party, including all copies, extracts

STIPULATED & JOINT MOTION FOR
PROTECTIVE ORDER – 9
(No. 2:17-cv-00534-MJP)

and summaries thereof. Alternatively, the parties may agree upon appropriate methods of destruction.

Notwithstanding this provision, outside counsel are entitled to retain one archival copy of all documents filed with the court, trial, deposition, and hearing transcripts, correspondence, deposition and trial exhibits, expert reports, attorney work product, and consultant and expert work product, even if such materials contain confidential material.

The confidentiality obligations imposed by this agreement shall remain in effect until a designating party agrees otherwise in writing or a court orders otherwise.

11. NON-PARTY DISCOVERY

A non-party's use of this Protective Order to designate confidential information does not entitle that non-party access to any other confidential information produced by any other party or non-party.

STIPULATED & JOINT MOTION FOR
PROTECTIVE ORDER – 10
(No. 2:17-cv-00534-MJP)

IT IS SO STIPULATED, THROUGH COUNSEL OF RECORD.

DATED this 23rd day of October, 2017.

By: *s/ T. Andrew Culbert*
David J. Burman, #10611
T. Andrew Culbert #35925
Susan Foster #18030
Cori G. Moore, #28649
Elvira Castillo, #43893
Laura K. Hennessey, #47447
**Perkins Coie LLP**
1201 Third Avenue, Suite 4900
Seattle, WA 98101-3099
Tel: 206.359.8000/Fax: 206.359.9000
Email: DBurman@perkinscoie.com
Email: ACulbert@perkinscoie.com
Email: SFoster@perkinscoie.com
Email: ECastillo@perkinscoie.com
Email: CGMoore@perkinscoie.com
Email: LHennessey@perkinscoie.com

By: *s/ James C. Yoon*
Gregory Lewis Watts, #43995
Albert Shih, *Admitted Pro Hac Vice*
Dale R. Bish, *Admitted Pro Hac Vice*
James C. Yoon, *Admitted Pro Hac Vice*
Jamie J. Yoo, *Admitted Pro Hac Vice*
Nellie J. Amjadi, *Admitted Pro Hac Vice*
Olivia M. Kim, *Admitted Pro Hac Vice*
**Wilson Sonsini Goodrich & Rosati**
701 5th Ave Ste 5100
Seattle, WA 98104-7036
Tel: 206.883.2617/Fax: 206.883.2699
Email: gwatts@wsgr.com
Email: ashih@wsgr.com
Email: dbish@wsgr.com
Email: jyoon@wsgr.com
Email: jyoo@wsgr.com
Email: namjadi@wsgr.com
Email: okim@wsgr.com

*Attorneys for Plaintiffs HTC Corporation and HTC America, Inc.*

By: s/ *Philip S. McCune*
Philip S. McCune, WSBA #21081
SUMMIT LAW GROUP PLLC
315 Fifth Avenue S., Suite 1000
Tel: (206) 676-7000
Email: philm@summitlaw.com


By: s/ *Laurie Fitzgerald*
Laurie Fitzgerald *(admitted pro hac vice)*
McKOOL SMITH P.C.
300 W. 6th Street, Suite 1700
Austin, TX 78701
Tel: (512) 692-8700
Email: lfitzgerald@mckoolsmith.com

*Attorneys for Defendants Telefonaktiebolaget LM Ericsson and Ericsson, Inc.*

STIPULATED & JOINT MOTION FOR
PROTECTIVE ORDER – 11
(No. 2:17-cv-00534-MJP)

1  PURSUANT TO STIPULATION, IT IS SO ORDERED

2  IT IS FURTHER ORDERED that pursuant to Fed. R. Evid. 502(d), the production of any documents in this proceeding shall not, for the purposes of this proceeding or any other proceeding in any other court, constitute a waiver by the producing party of any privilege applicable to those documents, including the attorney-client privilege, attorney work-product protection, or any other privilege or protection recognized by law.

DATED this ___24th___ day of ___October___, 2017.

_____
Marsha J. Pechman
United States District Judge

# EXHIBIT A

## ACKNOWLEDGMENT AND AGREEMENT TO BE BOUND

I, _____ [print or type full name], of _____ [print or type full address], declare under penalty of perjury that I have read in its entirety and understand the Stipulated Protective Order that was issued by the United States District Court for the Western District of Washington on _____ [date] in the case of *HTC Corp. & HTC America v. Telefonaktiebolaget LM Ericsson & Ericsson, Inc.*, No. 2:17-cv-00534-MJP. I agree to comply with and to be bound by all the terms of this Stipulated Protective Order and I understand and acknowledge that failure to so comply could expose me to sanctions and punishment in the nature of contempt. I solemnly promise that I will not disclose in any manner any information or item that is subject to this Stipulated Protective Order to any person or entity except in strict compliance with the provisions of this Order.

I further agree to submit to the jurisdiction of the United States District Court for the Western District of Washington for the purpose of enforcing the terms of this Stipulated Protective Order, even if such enforcement proceedings occur after termination of this action.

DATED this \_\_\_\_ day of _____, 201\_\_.

City and State where sworn and signed: _____

Printed name: _____

Signature: _____