# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF WASHINGTON
# AT SEATTLE

| HTC CORPORATION, | CASE NO. C17-534 MJP |
|---|---|
| Plaintiff, | ORDER ON MOTION TO DISMISS OR TRANSFER |
| v. | |
| TELEFONAKTIEBOLAGET LM ERICSSON, et al., | |
| Defendants. | |

The above-entitled Court, having received and reviewed:

1. Defendants' Motion to Dismiss or Transfer (Dkt. No. 46),

2. Plaintiff's Opposition to Defendants' Motion to Dismiss or Transfer (Dkt. No. 50),

3. Defendants' Reply in Support of Motion to Dismiss or Transfer (Dkt. No. 64),

all attached declarations and exhibits, and relevant portions of the record, and rules as follows:

IT IS ORDERED that the motion is PARTIALLY GRANTED and PARTIALLY DENIED. The motion to transfer is GRANTED, and this matter shall be transferred to the Eastern District of Texas forthwith; the motion to dismiss is DENIED.

ORDER ON MOTION TO DISMISS OR TRANSFER - 1

**Background**[1]

Telefonaktiebolaget LM Ericsson ("LME") is a Swedish corporation with its principal place of business in Stockholm. ¶ 14. Defendant Ericsson Inc. ("Ericsson") is a Delaware corporation, a wholly-owned subsidiary of LME with its principal place of business in Plano, Texas and an office in Bellevue. ¶ 15. Ericsson has employees in the State of Washington and offer products for sale here. ¶ 20.

Both Defendant organizations are involved in the development and licensing of Standard Essential Patents ("SEPs") in the telecommunications field. ¶¶ 15-17. In order to insure "interoperability" in the cellular communication world, Defendants are subscribing members of various Standard Setting Organizations ("SSOs"), among them the European Telecommunication Standards Institute ("ETSI"). ¶¶ 26-28. The organizations broker agreements to follow a common set of standards which allows the various products of the various parts of the telecommunications industry to connect and communicate with each other. ¶ 29.

Critical to these standards-setting agreements are requirements that the participants which own SEPs make them available to everyone either royalty-free or on "fair, reasonable, and non-discriminatory ('FRAND') terms." These requirements are intended to prevent the abuse of the monopoly potential represented by the SEPs. ¶¶ 34-35. At the heart of this lawsuit is Plaintiff HTC Corporation's ("HTC") allegation that Defendants are offering to license certain SEP technology at rates which are unreasonable and violate their FRAND obligations. ¶¶ 50-69. Plaintiff alleges that Defendants have refused to lower their rates and have continually threatened patent litigation against HTC. ¶¶ 70-71. Fearing that such litigation could destroy its business,

---

[1] Unless otherwise noted, all citations in this section are to Plaintiff's First Amended Complaint ("FAC;" Dkt. No. 41).

Plaintiff has paid "substantial royalties" to Ericsson. ¶ 73. This lawsuit seeks recoupment of those royalties and prospective relief enjoining Defendants from further demands for excessive royalties. FAC, § VI.

**Discussion/Analysis**

Personal jurisdiction can be found in two ways: general and specific.

General jurisdiction

General jurisdiction arises when a defendant's contacts with a forum are "so constant and pervasive 'as to render [the defendant] essentially at home in the forum state.'" Daimler AG v. Bauman, 134 S.Ct. 746, 751 (2014)(quoting Goodyear Dunlop Tires Operations S..A. v. Brown, 564 U.S. 915, 919 (2011)).

Plaintiff concedes that there is no general jurisdiction over Defendants in this case. (Dkt. No. 52, Response at 12, n.12.)

Specific jurisdiction

The exercise of specific jurisdiction over a non-resident defendant depends upon the existence of sufficient contacts with the forum. In the Ninth Circuit:

> (1) The non-resident defendant must purposefully direct his activities or consummate some transaction with the forum or resident thereof; or perform some act by which he purposefully avails himself of the privilege of conducting activities in the forum, thereby invoking the benefits and protections of its laws;
>
> (2) the claim must be one which arises out of or relates to the defendant's forum-related activities; and
>
> (3) the exercise of jurisdiction must comport with fair play and substantial justice, i.e. it must be reasonable.

Schwarzenegger v. Fred Martin Motor Co., 374 F.3d 797, 802 (9th Cir. 2004).

1    Plaintiff argues that Ericsson's long history of partnering with Washington companies like McCaw Cellular, T-Mobile and Microsoft, combined with the fact that it is registered to do business in Washington and maintains an office with 350 employees here establishes sufficient contacts with the forum to justify the exercise of specific jurisdiction. Those facts might be adequate if the test were purely concerned with contacts with the forum.

But "the claim must be one which arises out of or relates to the defendant's forum-related activities" and the claim here is concerned with Ericsson's "contractual commitments to offer fair, reasonable and non-discriminatory licenses to its SEPs with ETSI, 3GPP, the IEEE and their respective members, participants, and implementers…" (FAC, ¶75.) Plaintiff is bringing suit as a third-party beneficiary of those contracts and offers no evidence that any of those agreements were negotiated or executed in this forum. The Court cannot find that these claims arise out of "forum-related activities."

The remainder of Plaintiff's arguments on this topic (that Ericsson is an "alter ego" or agent of LME or that jurisdiction can be exercised over LME on a theory which analogizes the company to the providers of nationwide automobile insurance) are moot in the face of the lack of any activity in this forum which relates to the basis for Plaintiff's claim.

The motion will be PARTIALLY GRANTED on the grounds of no personal jurisdiction. As will be seen below, this ruling mandates (under 28 U.S.C. § 1631) that the matter be transferred to a forum where the case could properly have been brought; in this case, the Eastern District of Texas.

Subject matter jurisdiction

Defendants argue that the arbitration provisions in the Prior Licensing Agreements with Plaintiff mandate that this issue be arbitrated. The Court cannot agree, especially since

Defendants expend the entire first portion of their briefing strenuously advocating that the Licensing Agreements -- which arguably have a connection to this forum -- are not the operative documents; that it is the contracts with the standards-setting agencies with which this litigation is concerned. It is not persuasive to do an about-face on the issue of subject matter jurisdiction and cite those same Licensing Agreements for their arbitration provisions.

The language of the complaint (which cites to the standards-setting contracts) controls – the arbitration provisions of the Licensing Agreements are inapplicable here and this portion of Defendants' motion will be DENIED.

Improper venue/transfer to the Eastern District of Texas

Defendants take the position that a finding of no personal jurisdiction *ipso facto* results in a finding of improper venue in this forum. Plaintiff does not argue to the contrary, and the Court finds that a ruling that HTC has failed to establish specific personal jurisdiction over Defendants dictates a ruling that venue is improper here.

The Court finds 28 U.S.C. § 1631 applicable in this situation:

> Whenever a civil action is filed… and th[e] court finds that there is a want of jurisdiction, the court shall, if it is in the interest of justice, transfer such action… to any other such court in which the action . . . could have been brought at the time it was filed.

The language is mandatory; if the conditions are met, "[t]he statute requires transfer." Costlow v. Weeks, 790 F.2d 1486, 1488 (9th Cir. 1986). Furthermore, under most circumstances, "transfer will be in the interest of justice because normally dismissal of an action that could be brought elsewhere is time-consuming and justice-defeating." Cruz-Aguilera v. I.N.S., 245 F.3d 1070, 1074 (9th Cir. 2001)(quoting Miller v. Hambrick, 905 F.2d 259, 267 (9th Cir. 1990)). Ericsson concedes that it is subject to personal jurisdiction in the Eastern District of Texas; LME has indicated it will not contest personal jurisdiction in that forum. (Dkt. No. 46; Motion at 21.)

The portion of Defendants' motion requesting transfer of this matter to Eastern District of Texas is GRANTED.

**Conclusion**

The lack of general jurisdiction is conceded. The Court lacks specific personal jurisdiction because the claims for which Plaintiff seeks relief do not arise out of forum-related activities. This necessitates a finding of improper venue in this forum and, under 28 U.S.C. § 1631, this Court finds that it is in the interests of justice to effect a transfer to a district where this matter could properly have been filed; in this case, the Eastern District of Texas.

The matter will be transferred to the Eastern District of Texas forthwith.

The clerk is ordered to provide copies of this order to all counsel.

Dated May 17, 2018.

The Honorable Marsha J. Pechman
United States Senior District Court Judge